UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTY R. STANLEY, individually and doing business as NORTH WEST SURFACING,<br><br>          Plaintiff,<br><br>     v.<br><br>BOBO CONSTRUCTION, INC., a California corporation; CITY OF ELK GROVE,<br><br>          Defendants. | No.  14-cv-00035 JAM-EFB<br><br>**ORDER GRANTING BOBO CONSTRUCTION INC'S AND THE CITY OF ELK GROVE'S MOTIONS TO DISMISS** |

This matter is before the Court on Defendant Bobo Construction, Inc.'s ("BCI") Motion to Dismiss Plaintiff's Fifth Cause of Action of his First Amended Complaint ("FAC") (Doc. #5) and Defendant City of Elk Grove's (the "City") Motion to Dismiss Plaintiff's FAC (Doc. #6).  Plaintiff Monty R. Stanley, individually and doing business as North West Surfacing, ("Plaintiff") opposes both motions (Doc. ##8, 9) and Defendants replied (Doc. ##13, 14).[1]  For the reasons set forth below, BCI's

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 26, 2014.

Motion to Dismiss Plaintiff's Fifth Cause of Action of his FAC and the City's Motion to Dismiss Plaintiff's FAC are granted.

## I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action on September 9, 2013, in Sacramento County Superior Court (Doc. #1) against BCI and the City (collectively "Defendants").  This action was removed to this Court on January 6, 2014, based on federal question jurisdiction, 28 U.S.C. § 1331.  Id.  In the FAC, Plaintiff alleges five causes of action: (1) Breach of contract as to BCI; (2) deprivation of Plaintiff's constitutional rights pursuant to 42 U.S.C. 1983 by Defendants; (3) common counts against Defendants; (4) interference with contractual relations against the City; and (5) interference with prospective economic advantage against Defendants (Doc. #1).

According to the allegations in the FAC, the City awarded BCI a contract for a public works construction project, the Special Waste Collection Center and Disposal Lane Project ("Project") in May 2012.  FAC ¶¶ 7-8.  In or about May 2012, BCI and Plaintiff entered into a subcontract agreement, under which Plaintiff was to furnish and perform site demolition work at the Project.  Id. ¶ 9.  Plaintiff alleges that beginning in or about August 2012 and continuing through September 21, 2012, the City and BCI discharged him as a subcontractor because he complained about potentially hazardous and toxic contaminants at the Project site and requested that appropriate protective measures be taken. Id. ¶ 19.  On or about August 31, 2013, Plaintiff presented a written claim for economic damages to the City.  Id. ¶ 16.

II. OPINION

A. <u>Judicial Notice</u>

The City requests judicial notice of the government claim made by Plaintiff to the City dated August 31, 2013 ("August 31 Government Claim"). August 31 Government Claim, Ex. A, Def.'s Request for Judicial Notice ("RJN"), Doc. #7. Courts may consider extrinsic evidence when the plaintiff's claim depends on the contents of a document and the parties do not dispute the authenticity of the document. See, e.g., <u>Sherman v. Stryker Corp.</u>, 2009 WL 2241664, at *2 (C.D. Cal. Mar. 30, 2009) (citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201). Here, Plaintiff refers to the government claim in the FAC and Plaintiff does not dispute the authenticity of the government claim. Accordingly, the Court grants the City's request for judicial notice.

Plaintiff also requests judicial notice of the government claim made by Plaintiff dated February 19, 2014. Ex. A, Pl.'s Request for Judicial Notice ("RJN"), Doc. # 9-2. For the same reasons mentioned above, the Court grants Plaintiff's request for judicial notice.

B. <u>Evidentiary Objections</u>

The City objects to the Declaration of John J. Rueda submitted by Plaintiff with his opposition to the City's motion to dismiss. Objections, Doc. #15.

Generally, courts may not consider materials beyond the pleadings in ruling on a Federal Rule of Civil Procedure 12(b)(6) motion. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) (citing <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir.

3

1  1994)).  There are two exceptions to this rule: First, a court
2  may consider "material which is properly submitted as part of the
3  complaint" on a motion to dismiss.  Id.  Second, under Federal
4  Rule of Evidence 201, "a court may take judicial notice of
5  'matters of public record.'"  Id. (citing Mack v. South Bay Beer
6  Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)).
7       In this case, as part of his opposition, Plaintiff submitted
8  a declaration by his counsel.  This declaration was not attached
9  to the complaint nor has Plaintiff requested judicial notice of
10 it; therefore, this declaration is outside the pleadings.
11 Accordingly, the Court sustains the City's objection and will not
12 consider the declaration.
13
14      C.   Discussion
15           1.   BCI's Motion to Dismiss
16      BCI moves to dismiss Plaintiff's fifth cause of action for
17 interference with prospective economic advantage because
18 Plaintiff fails to allege that BCI engaged in an independently
19 wrongful conduct.  Plaintiff argues that the independently
20 wrongful conduct requirement for this cause of action is BCI's
21 retaliation.
22      The elements for interference with prospective economic
23 advantage are (1) an economic relationship between the plaintiff
24 and some third party, with the probability of future economic
25 benefit to the Plaintiff; (2) the defendant's knowledge of the
26 relationship; (3) intentional acts on the part of the defendant
27 designed to disrupt the relationship; (4) actual disruption of
28 the relationship; and (5) economic harm to the plaintiff

4

1  proximately caused by the acts of the defendant.  Korea Supply
2  Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153 (2003)).  For
3  the third element, a plaintiff must plead that the defendant
4  engaged in an independently wrongful act, which is an act
5  "proscribed by some constitutional, statutory, regulatory, common
6  law, or other determinable legal standard."  Id. at 1159.
7       Plaintiff argues that BCI's independently wrongful act in
8  this case is discharging Plaintiff in retaliation for his
9  complaints in violation of California Labor Code sections 6310
10 and 1102.5(b).  BCI argues that Sections 6310 and 1102.5(b) do
11 not apply to non-employees, such as Plaintiff.  Section 6310
12 makes it unlawful to fire or otherwise retaliate against an
13 employee who makes a workplace safety complaint with government
14 agencies.  Cal. Lab. Code § 6310.  Section 1102.5(b) prohibits
15 retaliation by an employer against employees who report illegal
16 activity.  Cal. Lab. Code § 1102.5(b).  Therefore, both sections
17 of the labor code apply to employees.  Plaintiff, however, was a
18 subcontractor and he has not alleged that he was misclassified as
19 an independent contractor.  See FAC ¶ 9.  Accordingly, Sections
20 6310 and 1102.5(b) do not apply.
21      Plaintiff also argues that BCI's retaliation infringed on
22 his constitutional rights of speech and petition for redress of
23 grievances, citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310
24 (9th Cir. 1989) and Allen v. Scribner, 812 F.2d 426, amended, 828
25 F.2d 1445 (9th Cir. 1987).  However, in both Soranno's Gasco and
26 Allen, the plaintiffs brought retaliation claims under 42 U.S.C.
27 § 1983 claims.  Under § 1983, "plaintiffs must plead that (1) the
28 defendants acting under color of state law (2) deprived

plaintiffs of rights secured by the Constitution or federal statutes." <u>Soranno's Gasco</u>, 874 F.2d at 1313-14 (quoting <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986)).  Here, Plaintiff alleged that BCI "acted under the color of state law, California Contract Code § 4107" but has not alleged any facts to show that BCI's actions as a general contractor amounted to state action.  FAC ¶ 23.  Therefore, Plaintiff has not sufficiently alleged that BCI was acting under the color of state law.

Accordingly, Plaintiff's fifth cause of action against BCI is dismissed.  Because Plaintiff may be able to allege an independently wrongful act, the Court grants Plaintiff leave to amend.

### 2. The City's Motion to Dismiss

The City moves to dismiss Plaintiff's second, third, fourth, and fifth causes of action.  In his opposition, Plaintiff concedes that his third cause of action for common counts against the City cannot be maintained.

#### a. Intentional Tort Causes of Action

The City argues that Plaintiff's fourth and fifth causes of action for intentional interference with contractual relations and interference with economic advantage (collectively "intentional tort claims") fail as a matter of law, in part, because the City is not liable for tortious injury unless liability is imposed by statute or a mandatory duty of care exists.  Plaintiff argues that the City is liable under Government Code sections 815.2 and 815.4.

The California Government Tort Claims Act provides that a public entity is not liable for any injury except as provided by

1  statute.  See Cal. Gov. Code § 815.  However, a public entity may
2  be vicarious liable under Government Code section 815.2,
3  providing for respondeat superior liability for acts or omissions
4  of employees, and Government Code section 815.4, providing for
5  liability for acts or omissions of independent contractors to
6  "the same extent that the public entity would be subject to such
7  liability if it were a private person."

8   In his opposition, Plaintiff argues that it can be
9  reasonably inferred that the City was acting through its
10 employees and as a result, the City is liable for any wrongful or
11 tortious activities by the employees.  However, BCI is not an
12 employee of the City and the FAC does not contain any factual
13 allegations to establish vicarious liability predicated on the
14 conduct of an independent contractor.  Further, to the extent the
15 City's liability is premised on BCI's liability for interference
16 with prospective economic advantage, Plaintiff's claim against
17 the City fails for the reasons mentioned above.

18   Accordingly, the Court dismisses Plaintiff's intentional
19 tort claims against the City.  The Court grants Plaintiff leave
20 to amend because he may be able to allege vicarious liability and
21 clarify his claims.  Therefore, the Court need not address at
22 this time the City's remaining three arguments that these claims
23 should be dismissed because: (1) they are time barred under the
24 statute of limitations of the Government Claims Act;
25 (2) Plaintiff's intentional tort claims fail to comply with
26 Government Claims Act by not giving notice of the claims; and
27 (3) Plaintiff fails to state a claim because he does not allege
28 the City intended to disrupt any contract or economic

7

relationship.

b. <u>42 U.S.C. § 1983</u>

The City moves to dismiss Plaintiff's second cause of action for violation of 42 U.S.C. § 1983, in part, because Plaintiff failed to allege sufficient facts to establish the requisite elements of a claim under <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-91 (1978). Plaintiff argues that he has alleged a policy under <u>Monell</u> because the City had final policy-making authority to remove him.

Respondeat superior liability does not apply to actions against local government entities under § 1983. See <u>Monell</u>, 436 U.S. at 691. Therefore, to prevail in a civil action against a local governmental entity, a plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" <u>Oviatt By & Through Waugh v. Pearce</u>, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 389-91 (1989)). For the second element, a single decision may constitute an act of official government policy. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480 (1986). However, "[m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." <u>Id.</u> at 481.

In the FAC, Plaintiff does not allege any facts to establish that there was a policy as required under <u>Monell</u>. At most,

8

Plaintiff alleges that the City "acted under the color of state law, California Contract Code § 4107," which does not establish that the City possessed final authority.  In his opposition, Plaintiff argues that the City possessed final decision-making authority under the Public Contract Code.  However, these allegations are not in the FAC.

Accordingly, the Court dismisses Plaintiff's § 1983 claim against the City.  Because Plaintiff may be able to allege a Monell claim, the Court grants leave to amend.

### III.   ORDER

For the reasons set forth above, the Court GRANTS BCI's Motion to Dismiss Plaintiff's Fifth Cause of Action with leave to amend and GRANTS the City's Motion to Dismiss Plaintiff's FAC with leave to amend.  Plaintiff shall file his Amended Complaint within twenty (20) days from the date of this Order. Defendants shall file their responsive pleadings to the Amended Complaint within twenty (20) days from the date it is filed.  If Plaintiff elects not to file an Amended Complaint, the case will proceed against BCI on the FAC with Plaintiff's remaining claims.

IT IS SO ORDERED.

Dated:  April 9, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE